# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **NACALDRA FERRELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:07-CV-00549-VEH |
| | ) |
| **DYNAMIC SECURITY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

This lawsuit was initiated on March 28, 2007. (Doc. #1). Pending before the court is Defendant Dynamic Security, Inc.'s (hereinafter referred to as "Dynamic") Motion to Dismiss Jury Claims (Doc. #8) filed May 7, 2007. Plaintiff Nacaldra Ferrell (hereinafter referred to as "Ferrell") filed her opposition (Docs. #10) on May 7, 2007, and her response in opposition (Doc. #14) on May 15, 2007. Dynamic filed its reply (Doc. #11) on May 8, 2007, and amended reply (Doc. #13) on May 11, 2007. In its Motion to Dismiss Jury Claims, Dynamic seeks a ruling disallowing Ferrell the right to present her case to a jury. As discussed more fully below, Dynamic's Motion to Dismiss Jury Claims is **DENIED without prejudice.**

## II.     PROCEDURAL HISTORY AND BACKGROUND

In the facts before the court, federal jurisdiction is based on 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and premised on a federal question created by Title VII of the Civil Rights Act of 1964, as amended in 1991.  (Doc. 1, Compl. at ¶ 1).

The basis of this action rests on Ferrell's federal and state claims of sexual harassment pursuant to Title VII, retaliation pursuant to Title VII, tangible job action, invasion of privacy, negligent supervision and retention, and assault and battery. Ferrell alleges that, while employed with Dynamic, her immediate supervisor subjected her to a hostile work environment.  *Id.* at ¶ 8.  Ferrell further alleges that she was terminated from her employment with Dynamic shortly after reporting the alleged sexual harassment.  *Id.* at ¶ 15.

Ferrell timely filed her claim with the Equal Employment Opportunity Commission (EEOC), and upon receipt of her "right-to-sue" letter, Ferrell filed this suit. *Id.* at ¶ 2.  Shortly thereafter, Dynamic filed its Answer (Doc. #7) and its Motion to Dismiss Jury Claims (Doc. #8) wherein it asserts that Ferrell and Dynamic had previously agreed to waive their respective rights to a jury trial.[1]   The waiver

---

[1] Previously, Title VII claims were considered equitable in nature.  *Great American Federal Sav. & Loan Ass'n. v. Novotny*, 442 U.S. 366, 375 (1979).  Thus, the parties in such an action were not entitled to a jury trial.  However, the 1991 amendment made it clear that a party seeking compensatory and punitive damages, as in the instant case, may demand a trial by jury. 42 U.S.C. § 1981a(c).

referenced by Dynamic is set forth in the fifth provision of the corporation's "Standard Employee Packet" and it states:

> **Waiver of Trial by Jury Policy**:
> It is the desire of Dynamic Security Inc. to resolve disputes, whenever possible, in a fair and expeditious manner reflecting the interest of the concerned parties.  Although there is no outstanding dispute between parties, it is recognized that as with any relationship, differences may arise which are not resolved and result in litigation.  In consideration of Dynamic Security Inc. offering you employment and employing you, you and Dynamic Security each agree that in the event either party (or its successors or assigns) brings an action against the other relating to your recruitment, employment or termination of employment from Dynamic Security Inc. the plaintiff in such action agrees to waive his/her rights to a trial by jury and future [sic] agrees that no demand, request or motion will be made for trial by jury.
> This waiver of jury trial will cover (1) all actions, claims and demands directly or indirectly related to recruitment, employment or termination from Dynamic Security Inc. (2) all issues and causes of action brought in any lawsuit which an employment related claim is made; and (3) initial, subsequent and future proceedings related to (1) and (2) above. By waiving your right to a jury trial you are limiting your rights to trial by judge.  However, the right to a jury is of value.
> You may wish to consult an attorney prior to signing this agreement.  If so, take this form with you, however, you will not be offered employment until this form is signed and returned by you.

Def.'s Attach. A.  Ferrell signed this agreement on March 31, 2006, as a condition of her employment with Dynamic.

### III. ANALYSIS

Federal law governs the right to a trial by jury or any potential termination of that right. Pursuant to the applicable standard, the court must determine, based on the relevant factors and other evidence, whether Ferrell entered into an agreement effectively terminating her right to a jury trial knowingly and voluntarily. However, as no evidence has been presented to the court establishing whether Ferrell entered into the contract knowingly and voluntarily, no final determination can be made as to the enforceability of the alleged jury waiver.

### A.   Federal law governs the jury trial issue.

"The trial by jury is justly dear to the American people." *Parsons v. Bedford*, 28 U.S. 433, 446 (1830). Additionally, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt*, 293 U.S. 474 (1935).

As Ferrell contends, it is well established that the right to a jury trial in the federal context is determined not by state law but by federal law. *Simler v. Conner*, 372 U.S. 221, 222 (1963) (finding that the lower courts erred in denying petitioner the jury trial guaranteed by the Seventh Amendment in an action for attorneys fees); *see also Ford v. Citizens & Southern National Bank*, 928 F.2d 1118, 1121 (11th Cir.

1991) (finding that although the underlying claim is substantively governed by state law, the right to a jury trial remains a matter of federal law). Dynamic has attempted to obfuscate this principle by arguing that because the contract encompassing the alleged jury waiver is governed by Alabama law, the right to a trial by jury is likewise governed be Alabama law. Contrary to Dynamic's assertions, its position is simply incorrect.

As Rule 38(a) of the Federal Rules of Civil Procedure states, "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). This rule makes no mention of state law.

In *Simler*, the Court stated that the right to trial by jury is a matter of federal law in "diversity as well as other actions." *Smiler,* 372 U.S. at 222. In fact, the Court noted that "[o]nly through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment[2] be achieved." Therefore, although the action itself is governed by state law, the jury waiver issue remains a matter of federal law.

---

[2]The Seventh Amendment states "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const., Amend. VII.

5

**B.     Lack of evidence prevents proper consideration of the relevant factors.**

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc., v. Villager Franchise Systems, Inc.*, 164 Fed. Appx. 820, 823 (11th Cir. 2006). The Eleventh Circuit has espoused factors to consider when determining if a party has contractually waived the right to a jury trial: (1) "the conspicuousness of the waiver provision," (2) "the parties' relative bargaining power," (3) "the sophistication of the party challenging the waiver, and" (4) "whether the terms of the contract were negotiable." *Id.* at 824.

With the exception of factor (1), the conspicuousness of the waiver provision, which was submitted as Attachment A to Dynamic's motion, neither party has presented sufficient evidence for the court to effectively consider the relevant factors. Consequently, the court is unable to determine the relative bargaining power of the parties, Ferrell's education and sophistication, and whether the contract was negotiable.

**IV.    CONCLUSION**

It is therefore **ORDERED** by the court that Dynamic's Motion to Dismiss Jury Claims is **DENIED without prejudice** to refile if discovery reveals that Ferrell's waiver of the right to a jury trial was obtained pursuant to a true arm's length, bargained-for exchange. *See Peppers v. Dynamic Security, Inc.*, 06-BE-0700-E,

located at Pl.'s Opp'n to Def.'s Mot. to Dismiss Jury Claims, Ex. A.

**DONE** and **ORDERED** this the 22nd day of June, 2007.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge