FILED
 2007 Dec-17  PM 03:16
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **NACALDRA FERRELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 2:07-CV-549-VEH** |
| | ) |
| **DYNAMIC SECURITY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.  Introduction

This case is before the Court on the Motion to Dismiss (doc. 22) filed by Defendant on November 27, 2007.  Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants seek a dismissal of this action with prejudice.  After careful consideration, the Court finds that the motion is due to be granted.

### II.  Procedural History

This case was filed March 28, 2007, by Plaintiff through her counsel, David R. Arendall and Allen D. Arnold.  (Doc. 1).  Subsequently, her counsel moved to withdraw because Plaintiff had failed to cooperate with them in the prosecution of this case, and plaintiff's counsel could not get Plaintiff to respond to her counsels'

letters concerning her litigation. (Doc. 18-1). This Court entered an Order conditionally allowing the requested counsel withdrawal motion (Doc. 19) and her counsel met those court-imposed conditions permitting their withdrawal. (Doc. 20). The Court then granted the withdrawal motion and stayed the case for thirty (30) days to allow Plaintiff to obtain new counsel.  (Doc. 21).

The Defendant represents that it has attempted discovery in this case through document production requests and notice of deposition to which Plaintiff has not responded since that discovery was propounded on June 21, 2007.  Defendant further represents that Defendant's counsel, on October 23, 2007, wrote Plaintiff at the address provided by her former counsel noting that her case had been suspended and that she had had until September 13, had she so desired, to locate other counsel and continue the case.  Defendant further represents that Plaintiff was then invited to stipulate to dismissal under FRCP 41(a), but that she did not respond.  Defendant further represents that Plaintiff has neither participated in the litigation by producing any of the pre-discovery disclosures required of her nor responded in any manner to formal discovery requests from the Defendant.  Defendant further represents that Plaintiff contacted the Defendant's offices and personnel approximately five (5) months ago saying that she did not desire to pursue this case.

On November 28, 2007, this Court entered an Order to Show Cause (doc. 23),

no later than December 14, 2007, why Defendant's Motion to Dismiss should not be granted.

On December 5, 2007, the Defendant filed a Notice of Plaintiff's Consent to Dismissal with Prejudice. (Doc. 25). In that Notice, Defendant represents that the Plaintiff called counsel for the Defendant and stated, *inter alia*, that she did not want to proceed with this lawsuit. The Plaintiff also sent the Defendant a form whereby she consented to dismissal of this case with prejudice. (Doc. 1, Ex. 1).

In the Court's Order to Show Cause, the Court explicitly warned the Plaintiff that "failure to respond to this Order will result in the Court's determination that the allegations of Defendant in its Motion are true and the **DISMISSAL WITH PREJUDICE** of her case for failure to prosecute." Despite this express warning, Plaintiff failed to respond to the Court's Order.

### III. Analysis

The Federal Rules of Civil Procedure authorize this Court to dismiss an action currently pending in light of a plaintiff's discovery abuses. More specifically, when a party "fails to obey an order to provide or permit discovery," Rule 37(b)(2) authorizes the Court to enter such orders as are just, including an order "dismissing the action." Fed. R. Civ. P. Rule 37(b)(2)(C). Pursuant to Rule 41(b), a defendant may move for the dismissal of an action for the failure of the plaintiff to prosecute or

to comply with the Federal Rules of Civil Procedure or with any order of the court.[1] Fed. R. Civ. P. 41(b).

Similarly, case law reinforces that, as a result of Plaintiff's failure to comply with the Court's orders, this Court possesses inherent power to dismiss this case. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that judicial power to dismiss arises from court's inherent authority to enforce its orders); *see also Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). That power includes the authority to impose sanctions, including dismissal, on uncooperative litigants who commit discovery abuses. *Id.; see also, e.g., Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault."). The United States Supreme Court has confirmed that an involuntary dismissal is an appropriate sanction for a plaintiff's flagrant failure to

---

[1]Pursuant to Rule 41(b), this dismissal constitutes an adjudication upon the merits. *See* Fed. R. Civ. P. 41 (b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.").

comply with discovery deadlines. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976) ("[W]e hold that the District Judge did not abuse his discretion in finding bad faith on the part of these respondents, and concluding that the extreme sanction of dismissal was appropriate in this case by reason of respondents' 'flagrant bad faith' and their counsel's 'callous disregard' of their responsibilities.").

Defendant's Motion to Dismiss is based on Plaintiff's total failure to comply with the discovery rules and the Court's various orders. Plaintiff has not responded to her former counsel regarding discovery or secured additional counsel when given that opportunity by the Court, and she has not participated in this case to pursue her claims or to allow the Defendant to discover evidence from her at any time. Additionally, the Plaintiff has consented to the dismissal of her action with prejudice. Accordingly, this case is due to be dismissed with prejudice based upon Plaintiff's failure to prosecute this case.[2]

**IV. Conclusion**

Defendant's Motion to Dismiss is due to be granted  The Court will enter a

---

[2] Based upon statements contained in Document 23, the Court hereby advises the Plaintiff that she is <u>not</u> in any trouble with the Court. Rather, her case has been dismissed with prejudice. That is, unless the Plaintiff files an appeal within the time allowed by law, this case is over.

separate order consistent with this Memorandum Opinion.

**DONE** this 17th day of December, 2007.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge